IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DARRYL A. CARTER, | ) |
|     *Plaintiff*, | ) |
| v. | ) |
| SOUTHLAW, et al., | ) No. 4:26-cv-0151-JMD |
|     *Defendants*. | ) |

**MEMORANDUM AND ORDER**

Darryl A. Carter sues SouthLaw, P.C., Nationstar Mortgage, LLC, Rushmore Servicing, and nine individual defendants for "attempting to steal [his] property" at a "Sheriff Auction pending [in] St. Louis County Courthouse." ECF 4 at 25. But Carter's claim is frivolous, so this Court lacks subject matter jurisdiction. The Court thus **DISMISSES** this action under Rule 12(h)(3).

**Standard of Review**

Federal courts have limited jurisdiction. *Koll v. Wayzata State Bank*, 397 F.2d 124, 127 (8th Cir. 1968). If a federal court "determines *at any time* that it lacks subject-matter jurisdiction," it "*must* dismiss" the case. Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Robinson v. Pulaski Tech. College*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (affirming district court's preservice dismissal of complaint that lacked subject matter jurisdiction).[1]

---

[1] Pre-service dismissal is permitted for frivolous complaints, where it is "patently obvious the plaintiff could not prevail." *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (citing *Freeman v. Abdullah*, 925 F.2d 266, 267 (8th Cir. 1991), and noting that it is "error to dismiss *nonfrivolous* complaint *under Rule 12(b)(6)* prior to service of process in light of *Neitzke* [*v. Williams*, 490 U.S. 319 (1989)]" (emphasis added)).

1

When claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," federal courts lack power to entertain them. *Jeep v. Tea Party/GOP/Republicans*, 560 F. App'x 642, 643 (8th Cir. 2014) (per curiam) (internal citation omitted). Where a plaintiff "cannot possibly prevail and amendment would be futile," a district court "[w]ithout question" has the power to dismiss a complaint *sua sponte*. *Bucklew v. Lombardi*, 783 F.3d 1120, 1127 (8th Cir. 2015). A court may do so "prior to service of process . . . [if] the complaint is frivolous." *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (per curiam).

Because Carter sues *pro se*, this court liberally construes his complaint. *Rollins v. Hous. Auth. of Kansas City*, 08-cv-00506-W-DGK, 2009 WL 10671774, at *2 (W.D. Mo. Mar. 2, 2009). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id.* at 915. Giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be ignored. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Carter asserts several discredited theories in his amended complaint, including that his signature "created funds," which were then sold as a "promissory note to Federal Reserve which was multiplied by Ten"; that his "deed which is a bond" was "Bundled [] with other deeds then sold to investor on the Market exchange . . ." ECF 4 at 26. He includes a cease-and-desist letter to one of the defendants, the Saint Louis County sheriff, asserting a violation of the oath to uphold the Constitution, as well as charges of RICO violations and treason.

2

ECF 4 at 28. He also includes a "Qualified Written Request, Debt Validation, and Demand for Full Disclosure" sent to another defendant in which he demanded the "original, wet-ink Promissory Note" and a plethora of other documents. ECF 4 at 29–30. He notes in a "Memorandum for Clerk" addressed to this Court that he is "submitting Demand for Full Disclosure and UCC filings for punitive damages" as well as a "Cease and Desist on Pending Foreclosure." ECF 4 at 27. He requests fifty million dollars for "mental anguish stress and pending loss of personal property" claiming that defendants "violated [his] constitutional rights under the color of law." ECF 4 at 25.

## Analysis

Carter has failed to meet his "burden of proving federal jurisdiction." *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is well-established that a federal district court has the inherent power to dismiss a complaint for lack of subject matter jurisdiction when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Little v. United States Dep't of Def.*, 4:21-CV-1309-JAR, 2022 WL 1302759, at *6 (E.D. Mo. May 2, 2022) (internal quotation marks omitted).

The allegations in this complaint are "'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion.'" *Urban v. Sells*, No. C14-4025-MWB, 2014 WL 1664883, at *4 (N.D. Iowa Apr. 25, 2014) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). Although Carter does not openly state that he ascribes to "sovereign citizen" ideology,

his arguments resemble the "legal-sounding but ultimately baseless arguments" courts typically see "[w]hen sovereign citizens litigate." *Riding v. Morgan Stanley & Co. LLC*, No. 4:25-cv-00648-DGK, 2025 WL 3543006, at *4 (W.D. Mo. Dec. 10, 2025); *see also In re Wallace*, Bankr. No. 24-00315, 2024 WL 3648551, at *4 (Bankr. N.D. Iowa Aug. 2, 2024) (noting that although parties denied that they were sovereign citizens, their "nonsensical pseudolaw" arguments were "identical to those that are routinely made by sovereign citizens that have been repeatedly rejected by every court addressing them" (cleaned up)). Litigants filing under discredited sovereign-citizen theories share several characteristics. Indeed, "[t]he Federal Bureau of Investigations has identified a number of practices that are characteristic of sovereign citizen activity." *Riding*, 2025 WL 3543006, at *3 (listing practices). Carter's complaint is replete with signs of this theory. He refers to himself as "Darryl A., of the family Carter." ECF 4 at 31. He cites the Uniform Commercial Code and states "ALL RIGHTS RESERVED" in his signature. ECF 4 at 26, 31; see *Riding*, 2025 WL 3543006, at *4. He asserts an "original wet-ink signature note" theory that has been "uniformly rejected by courts around the country." *Hobson v. Wells Fargo Home Mortg.*, No. 2:11CV00010 AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011). All this activity is common to assertions of frivolous sovereign-citizen theories.

The Court therefore "need not address these arguments directly" and in detail "because . . . it is well-established in the Eighth Circuit that arguments based on sovereign citizen ideology are inherently frivolous, and should be summarily dismissed as a waste of judicial resources." *Riding*, 2025 WL 3543006, at *2 (cleaned up). "A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). "If the

4

asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Id.* Because Carter's claims are legally frivolous, this Court lacks subject-matter jurisdiction. This Court declines to spend any more resources on discredited legal theories.

This case is **DISMISSED** for lack of subject-matter jurisdiction because none of the facts asserted by Carter raises a colorable claim.

Dated this 17th day of February, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE